United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAÚL FERNANDO POCLABA,
Petitioner,

v.

SERGIO ALBARRAN, et al.,
Respondents.

Case No. 3:26-cv-14707

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: ECF No. 2

Petitioner Raúl Fernando Poclaba has lived continuously in the United States since 2022. He has no criminal record, has never been stopped by Immigration and Customs Enforcement ("ICE"), has never been issued a Notice to Appear, and has not been placed in removal proceedings. He works full-time as a driver to support his family, and cares for his 14-year-old son who has autism. Petitioner volunteers at Mission Dolores in San Francisco serving meals to people who are experiencing homelessness. Petitioner has a pending asylum application, which he submitted in September 2024. On November 24, 2026, Petitioner was detained by ICE in Concord, California, while he was working.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that he is being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2. The Court finds that the requirements for issuing a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioner is likely to succeed on the merits of his claims. The Court GRANTS Petitioner's Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE**

**PETITIONER FROM CUSTODY TODAY, NOVEMBER 24, 2026.**

## I. BACKGROUND

Petitioner entered the United States in or about 2022 without inspection and has lived here continuously since then, for more than four years. He has no criminal history of any kind, has never missed an ICE check-in, never missed a court hearing, and has no prior immigration violations.

He works full-time as a driver to support his family, helps care for his son, and volunteers often at Mission Dolores in San Francisco cooking and serving meals for people experiencing homelessness. He is the primary financial support for his family. Petitioner applied for asylum on September 13, 2024. DHS has processed his application and granted him a work permit valid through October 6, 2030.

On November 24, 2026, Petitioner was sitting in his car (which he works in as a driver) in Concord, California, speaking on the phone with his son's mother, when ICE officers approached him and asked for his identification. After checking his identification, the officers reached into Petitioner's slightly open car window, unlocked the car, opened the door, and pulled him out of the car by force. The officers bent his knee when they pulled him out, and his knee is now badly inflamed. The officers also seized his phone. He was never shown a warrant nor provided with a custody hearing.

## II. ANALYSIS

The Court has reviewed the Petition. The Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner has presented specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. To prevail on a TRO, Petitioner must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court addresses each of the *Winter* factors in turn and finds that Petitioner has met his burden on each factor and is entitled to a TRO.

United States District Court
Northern District of California

As to Petitioner's likelihood of success on the merits, the Court analyzes his "due process claim 'in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.'" *Quispe v. Chestnut*, No. 25-cv-2002-CSK, 2026 WL 654577, at *4 (E.D. Cal. Mar. 9, 2026) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). At the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). As an asylum applicant who has lived openly in this country for four years and who has been granted a work authorization valid through 2030, Petitioner has a substantial liberty interest.

At the second step, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioner be immediately released from custody. Further he must be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioner has a substantial private interest in remaining out of custody, which would allow him to continue to care for his 14-year-old son, who has Level 3 autism spectrum disorder. Moreover, the government's interest in detaining Petitioner—who has no criminal history and, to the contrary, takes an active part in his community by volunteering at Mission Dolores in San Francisco, cooking and serving meals for people experiencing homelessness—is minimal. Thus, Petitioner has shown that he is likely to succeed on the merits.[1]

---

[1] In the Ninth Circuit, a TRO may also issue if Petitioner shows that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). In the alternative, for the same reasons, the Court finds that there are at least serious questions going to the merits.

Petitioner has also made a sufficient showing on the remaining factors. An unconstitutional deprivation of physical liberty constitutes irreparable harm. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). The balance of hardships tips sharply in Petitioner's favor, particularly in light of the fact that he is the primary financial support for his son and his regular activity serving the homeless in his community. And the balance of harms and public interest factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 24, 2026, IN CONTRA COSTA COUNTY, CALIFORNIA.** Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.
- By no later than noon on November 25, 2026, Respondents **SHALL** file a declaration with this Court confirming that Respondents have fully complied with this TRO Order and **SHALL** verify the time and place on November 24, 2026, that Petitioner was released.
- The Court will evaluate the merits of Petitioner's habeas petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) (Before or after beginning the hearing on a motion for a preliminary injunction, the court may

advance the trial on the merits and consolidate it with the hearing.); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.").

- Respondents **SHALL** answer or otherwise respond to the Petition (not the TRO motion) by no later than **11:00 p.m. on November 25, 2026**. Any response **SHALL** include the Petitioner's full Forms I-213, any orders of release, detention, or removal, any custody or arrest warrants or notices, including the date and time on which they were provided to Petitioner (or a declaration that they were not provided), Petitioner's criminal history to the extent one exists, any record of a pre-detention hearing before an immigration judge (including the place and time that such hearing was held), and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c). **IF THE BASIS FOR THE GOVERNMENT'S ARREST AND DETENTION OF PETITIONER IS 8 U.S.C. § 1225(b)(2)(A), THEN THE GOVERNMENT MUST PROVIDE A DECLARATION FROM EVERY OFFICER INVOLVED IN PETITIONER'S ARREST OR DETENTION EXPLAINING WHY THEIR ACTIONS ARE LAWFUL GIVEN THE DECISION IN *RODRIGUEZ VAZQUEZ V. BOSTOCK*, 183 F.4th 1160, 1172 (9th Cir. 2026). FURTHER IF THE UNITED STATES OPPOSES THE PRELIMINARY INJUNCTION OR PETITIONER'S WRIT OF HABEAS CORPUS BASED ON 8 U.S.C. § 1225(b)(2)(A), THEN THE GOVERNMENT, INCLUDING ANY LAWYER WHO FILES THE OPPOSITION, SHALL FILE A DECLARATION EXPLAINING WHY THAT LEGAL POSITION IS BOTH LAWFUL AND ETHICAL UNDER THE RULES OF PROFESSIONAL RESPONSIBILITY GIVEN THE DECISION IN *RODRIGUEZ VAZQUEZ V. BOSTOCK*, 183 F.4th 1160, 1172 (9th Cir. 2026).**
- Petitioner may file a reply by November 30, 2026.

United States District Court
Northern District of California

- The Court sets this matter for a hearing on Wednesday, December 9, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until December 9, 2026, at 6:00 p.m.** Petitioner shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 24, 2026, 6:00 p.m.

Noël Wise
United States District Judge